JOSEPH B. HUTCHINSON, assignee,

*vs.*

JAMES MURCHIE and others.

Aroostook.    Opinion December 9, 1882.

*Insolvency.   Preference.   Liens.   Assignee.   Creditors.*

The giving of security when a debt is created, if free from fraud, is not against the provisions of the insolvent law.

A bill of sale given in good faith which would be binding on the vendor, is binding on his assignee.

The assignee in insolvency stands in the place of the insolvent, and takes the property subject to all valid claims and liens.

Creditors electing to avoid a fraudulent conveyance, take the property as it was when transferred and subject to all liens then existing.

An exchange of one set of securities for another of equal value, is no preference, and may be made by one though insolvent.

ON REPORT.

The plaintiff was assignee in insolvency of Marcellus Walker and Samuel E. Simpson, insolvents, and brought this action, the writ being dated September 5, 1881, to recover the value of certain real and personal property mortgaged to them within four months prior to the issuing of the warrant of insolvency to secure them for money before that time loaned the insolvents, and for other money advanced and paid by them to certain creditors of the insolvents, alleging that the defendants knew that such payments were a preference under the insolvent act, and advanced the money and took the mortgages, with a view to aid the insolvents to make such preference.

At the trial the insolvents testified that they borrowed the money of the defendants, to enable them to continue their business; that it was understood at the time that the lien claims were to be paid out of the money, but that "there was nothing

said about what I should do with the money at all, no restrictions to how I should use the money whatever."

The defendants did not testify.

Other material facts stated in the opinion.

By the terms of the report, "This case was submitted to the presiding judge without the intervention of the jury, with right of exception. . . . The presiding judge ruled that upon the law and evidence, the action is maintainable, and ordered judgment for the plaintiff for twelve hundred dollars and interest from the date of the writ. By consent of the parties the case is reported for the decision of the law court, and if the evidence is sufficient to reasonably sustain the finding of the judge, judgment is. to be entered up as ordered, otherwise plaintiff nonsuit."

*V. B. Wilson and Madigan and Donworth,* for the plaintiff, contended that the memorandum of sale made June 10, 1881, was not valid as security. It was not attended by any delivery of goods, it was not recorded, and consequently invalid as security if ever intended to be such. 65 Maine, 485. The mortgage of June 17 shows that the memorandum of June 10 was not intended as security, for the mortgage was to secure the $1200, received June 10, and to that extent the mortgage was to secure a pre-existing debt. 11 Gray, 311 ; *Forbes* v. *Howe,* 102 Mass. 435.

The mortgage was not in the usual and ordinary course of business of the debtors, and the burden is upon the defendants to show that the transaction was not a fraud on the act. And they do not even take the stand as witnesses. *Collins* v. *Bell,* 3 B. R. 587 ; *Scammon* v. *Cole,* 3 B. R. 100. See Hamlin's Insolvent Law, 76, 83, and cases there cited. 3 Allen, 114 ; 4 Cush. 127 ; 13 Gray, 18 ; 2 Cush. 160 ; *Robinson* v. *Blen,* 20 Maine, 109 ; 55 Maine, 200.

The assignee is entitled to an action to recover the value of the property mortgaged. Insolvent Law, § § 13, 14 ; *Tapley* v. *Forbes,* 2 Allen, 20 ; *Crafts* v. *Belden,* 99 Mass. 535.

*Powers and Powers,* for the defendants, cited : *Paine* v. *Dwinel,* 53 Maine, 52 ; *Kidder* v. *Knox,* 48 Maine, 551 ; *Cur-*

*tis* v. *Hubbard*, 9 Met. 328; *Taft* v. *Boyd*, 13 Allen, 84; *Stevens* v. *Blanchard*, 3 Cush. 169; *Forbes* v. *Howe*, 102 Mass. 433.

APPLETON, C. J.  This is an action brought by the plaintiff as assignee of the firm of Walker and Simpson, under the provisions of § 48 of the insolvent law of this state.

It appears that Walker and Simpson, having had previous dealings with defendants, and being then indebted to them, on June 10, 1881, believing they were solvent though in fact they were not, applied to these defendants for a loan of money, for which they agreed to furnish security.

Accordingly on that day, the defendants advanced twelve hundred dollars—a part of the loan,—taking a bill of sale in the following terms :                    "Houlton, June 10, 1881.

"I this day sell to James Murchie and Sons,—

> 600,000 feet sp. logs in my boom.
> 300,000  "  hemlock  "  Mansur's boom.
> 10,000  "  spr. bds. at my mill.
> 10,000  "  ref. spr. scantling at my mill.
> 10,000  "  hem. bds.  "   "   "   "

"The logs are marked : H and I II I ; supposing to mean H and four stops.                    Walker & Simpson."

It is immaterial whether this bill of sale was good against attaching creditors, inasmuch as it was binding on the parties thereto.  The giving of security when the debt is created, is not within the statute, and if the transaction be free from fraud, the party who loans the money can retain the security till his debt is paid. *Tiffany* v. *Boatman's Sav. Ins.* 18 Wall. 376.  It cannot for a moment be pretended there was any fraud upon creditors.  Here is no preference of one creditor over another.  The preference referred to in the statute, relates to antecedent debts.  A present equivalent is obtained for the security given.  The estate of the insolvents is neither increased nor diminished.

The assignee in insolvency stands in the place of the insolvent debtor, and takes only the property which he had, subject to all valid claims, loans and equities. *Ex parte Dalby*, 1 Lowell, 431.

Assignees are not purchasers for a valuable consideration, in the proper sense of the words. In the absence of fraud, the assignee represents the bankrupt, and takes only what he has, subject to all incumbrances, liens and equities valid against him. *Winsor* v. *McLellan*, 2 Story, 492.

In the course of a few days, one of the defendants came to Houlton, bringing eleven hundred dollars, making the whole loan twenty-three hundred dollars, for which a note was given, and mortgages on real and personal estate to secure the same.

It is this conveyance the plaintiff claims to have set aside as giving a preference to these defendants, and as in fraud of the insolvent law, so far as relates to the sum of twelve hundred dollars advanced in June. It is conceded it is valid as to the money advanced at its date, even if invalid as to the rest. *Whiston* v. *Smith*, 2 Lowell, 101.

The plaintiff's evidence shows that there was due fifteen hundred eighty-three dollars and thirty-three cents, for stumpage on logs for which land owners had a lien. Of the last portion of loan, eight hundred three dollars and thirty-three cents was appropriated to discharge existing liens. Of the portion first advanced, seven hundred and seventy-five dollars was applied to the extinguishment of liens on the insolvents' lumber. The estate was in no way diminished. It mattered not, whether these debts were paid by the money of the defendants or not, — if not paid by them, the payment would come out of the funds of the estate.

Further, the defendants having relieved the estate, would be equitably entitled to be subrogated to the rights of the holders of the liens, which their funds have extinguished. If the conveyance were to be deemed fraudulent, still the defendants would be entitled to hold the property subject to the lien which their funds discharged. "The creditors," observes DAVIS, J., in *Avery* v. *Hackley*, 20 Wallace, 411, "having elected to avoid the fraudulent conveyance, take the property as though it had never been made, and subject to all lawful liens upon it. The assignee standing in the place of the bankrupt, acquired no greater rights than he possessed," &c.

This would have put four hundred and twenty-three dollars and thirty-three cents ($423.33) out of the first installment of the loan which is not shown to have been applied to the payment of lien claims.

But the transaction of June 17, when the notes and mortgage were given was but an exchange of security. No note had been given for the $1200 advanced June 10. Both advances were included in one note. The mortgage was upon the property included in the bill of sale of June 10. It included other property, but that is immaterial, as that was more than sufficient to secure the whole loan. The antecedent indebtedness of the insolvent debtors was in no way secured. It was carrying out in good faith the agreement of the parties. It was simply the change of security, so far as relates to the property of which a bill of sale had been given. The exchange of one set of securities for another of equal value is not a preference. *Burnhisel* v *Firman*, 22 Wall. 170. If more was subsequently given to secure than at first, the excess only will be deemed void. The exchange of values may be made at any time, though one of the parties to the transaction be insolvent. *Cook* v. *Tullis*, 18 Wall. 333 ; *Clarke* v. *Islelin*, 21 Wall. 361 ; *Sawyer* v. *Turpin*, 91 U. S. 114.

Here has been no sale or mortgage with a view of giving a preference. The estate of the insolvent debtors has not been impaired. The defendants obtained no preference for antecedent debts. It was an effort to aid struggling debtors. "There is nothing," remarks DAVIS, J., in *Tiffany* v. *Boatman's Institution*, 18 Wall. 388, "which interdicts the lending of money to a man in Darby's (defendant's) condition, if the purpose be honest and the object not fraudulent. And it makes no difference that the lender had good reason to believe the borrower to be insolvent, if the loan was made in good faith, without any intention to defeat the provisions of the bankrupt act. It is not difficult to see that in a season of pressure, the power to raise ready money may be of immense value to a man in embarrassed circumstances. With it he might be saved from bankruptcy, and without it

financial ruin would be inevitable." These remarks are just and equally apply to proceedings, under the insolvent act. To the same effect is the case of *Mercer* v. *Peterson*, L. R. 2 Ex. 364.

*Plaintiff nonsuit.*

WALTON, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.